MCGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>AUSTEN PEPPERS,<br><br>                Defendant. | CASE NO.  1:20-CR-00015 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>PROPOSED DATE: December 9, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

     This case is scheduled for a status conference on October 28, 2020, but the parties have agreed to move this hearing to December 9, 2020.  This Court has issued General Orders 611-624 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.  Initially the Fresno courthouse was closed through June 15, 2020, but it has since been closed until further notice.

     Although the General Orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on November 9, 2020, which the Court advanced to October 28, 2020. The Court more recently has invited a continuance of this hearing if counsel do not believe that anything substantial can be accomplished at the

1  currently scheduled hearing.

2      2.    By this stipulation, the parties agree that the status conference be scheduled for December
3  9, 2020, and to exclude time between November 9, 2020, and December 9, 2020, under 18 U.S.C. §§
4  3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

5      3.    The parties agree, and request that the Court find the following:

6          a)    Counsel for defendant desires additional time to consult with her client, to review
7  the current charges and conduct additional investigation and research related to the charges, to
8  discuss potential resolutions with her client, and to evaluate and potentially prepare pretrial
9  motions.  In part this is because the government has continued its investigation of the crimes, the
10 government provided supplemental discovery, and counsel and the defendant will benefit from
11 additional time to consider this new material.  The parties have had discussions on possible
12 resolutions of the case without a trial, and that communication is ongoing.

13         b)    Counsel for defendant believes that failure to grant the above-requested
14 continuance would deny her the reasonable time necessary for effective preparation, taking into
15 account the exercise of due diligence.

16         c)    The government does not object to the continuance and joins in the request.

17         d)    In addition to the public health concerns cited by General Orders 611 and 612 and
18 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in
19 this case because counsel or other relevant individuals have been encouraged to telework and
20 minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal
21 contact should the hearing proceed.

22         e)    Based on the above-stated findings, the ends of justice served by continuing the
23 case as requested outweigh the interest of the public and the defendant in a trial within the
24 original date prescribed by the Speedy Trial Act.

25         f)    Based on the above-stated findings, the ends of justice served by continuing the
26 case as requested outweigh the interest of the public and the defendant in a trial within the
27 original date prescribed by the Speedy Trial Act.

28         g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period from November 9, 2020, to December 9, 2020, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 23, 2020                                             McGREGOR W. SCOTT
                                                                                      United States Attorney


                                                                                      /s/ DAVID L. GAPPA
                                                                                      DAVID L. GAPPA
                                                                                      Assistant United States Attorney


Dated:  October 23, 2020                                             /s/ BARBARA O'NEILL
                                                                                      BARBARA O'NEILL
                                                                                      Counsel for Defendant
                                                                                      AUSTEN PEPPERS

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AUSTEN PEPPERS,<br><br>　　　　　　　　　　Defendant. | CASE NO.  1:20-CR-00015 DAD-BAM<br><br> FINDINGS AND ORDER<br><br>PROPOSED DATE: December 9, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**FINDINGS AND ORDER**

The Court has reviewed and considered the stipulation filed by the parties on October 23, 2020, and also reviewed the record of this case.  The Status Conference is continued from November 9, 2020 to **December 9, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** For the reasons stated in the stipulation the period of time from November 9, 2020, to December 9, 2020, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:　**October 26, 2020**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5